462

## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

W. A. Brittle

v.

Hazel T. Gibbs

April 25, 1966

Case No. A-8005

By JUDGE ALEX H. SANDS, JR.

This case involves a suit upon a demand note in the amount of $3,184.30, dated January 6, 1965, upon which Thomas M. Gibbs and Hazel T. Gibbs appear as co-makers. Thomas M. Gibbs having filed a plea of bankruptcy the suit now stands against Hazel T. Gibbs alone.

The sole defense is that the note has been paid in full. There are no credits entered upon the note. Plaintiff claims a balance of $2,261.92.

Defendant has introduced a number of receipts for cash paid by Thomas Gibbs to plaintiff which defendant and her husband contend were intended as payments upon the note in question. Plaintiff contends that all such cash payments, with the exception of those for which credit is admitted, were intended by Gibbs to be applied, and were by plaintiff applied, to other obligations owing to plaintiff by Gibbs at the time. The evidence shows a course of dealings between Gibbs and plaintiff over the period in question which resulted in numerous such outstanding obligations.

The law is well settled that unless application is specified by the debtor, the creditor may apply payments to any of the debtor's obligations which he holds. The evidence is in direct conflict upon this point.

Gibbs could have designated his desired application of the payments at the time made in any one of three ways which would have constituted proof positive of his having made such designation. He could have (a) had the credits endorsed upon the note at the time of each payment, (b) noted on the receipt the manner in which the payment was to be applied or (c) written a letter contemporaneously with payment stating his designation.

Having adopted none of these methods, it is held that plaintiff had the right to apply the payments as he saw fit to any indebtedness of Gibbs held at the time of payment.

Judgment will accordingly be rendered for plaintiff for the amount of $2,261.92.